# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **-vs-**                                **Case No. 1:23-cr-00091-JB**

**JERRY SEGURA, JR.,**

      **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION FOR FURLOUGH TO ATTEND FUNERAL SERVICES

**THIS MATTER** is before the Court on defendant Jerry Segura, Jr.'s opposed Motion for Furlough to Attend Funeral Services, filed on April 3, 2023.  Doc. 22.  The government opposes Mr. Segura's motion, as does Pretrial Services.  *See id.* at 2.  For the following reasons, the Court DENIES Mr. Segura's motion.

On January 25, 2023, a federal grand jury returned a two-count indictment against Mr. Segura.  Doc. 2.  Count 1 accused Mr. Segura of assaulting Jane Doe with a firearm, in violation of 18 U.S.C. §§ 1153 and 113(a)(3).  *Id.*  Count 2 accused Mr. Segura of using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, and discharging said firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  *Id.*  On February 13, 2023, Mr. Segura appeared before the Court for his arraignment and detention hearing, after being taken into federal custody on a writ.  *See* Docs. 5, 6, 15, 17.  The Court ordered Mr. Segura to remain in custody pending trial not only because there was a rebuttable presumption that he should remain in custody based on his 924(c) charge, and he had not introduced sufficient evidence to rebut that presumption, but also because the Court found by

clear and convincing evidence that Mr. Segura is a danger to the community, and by a preponderance of the evidence that he is a flight risk.  *See* Doc. 20 at 2.  The Court based its findings on both the Pretrial Services Report (Doc. 14) and the government's proffer.  It found that the weight of the evidence against Mr. Segura was strong; he was subject to a lengthy period of incarceration if convicted; he had a serious criminal history; he had participated in criminal activity while on probation, parole, or supervision; he had a history of violence or use of weapons; he had a history or alcohol and/or substance abuse; he lacked stable employment; he had prior failures to appear; and he previously had violated probation, parole, or supervised release.  *Id.* at 2–3.  The Court also relied on the government's proffer that the defendant had fired 11 shots at a home he knew was occupied by his former girlfriend, her adult daughter, and her adult daughter's young child.  *Id.* at 3.

Mr. Segura now seeks to be released for one week to a friend so that he may plan and attend his father's funeral services.  Doc. 22 at 1.  Mr. Segura does not cite any authority that would permit the Court to grant his request for a furlough.  *See id*.  It appears to the Court that the authority to grant a furlough rests with the Bureau of Prisons.  *See* 18 U.S.C. § 3622. Although the Court may grant the temporary release of a person in pretrial detention under 18 U.S.C. § 3142(i), it may do so only for a "compelling" reason.  The Court has not found a case that suggests that the desire to plan and attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute.  In addition, relief under § 3142(i) should be used sparingly, *see United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020), but it is not uncommon for those in custody to face the loss of a loved one while there.  Granting temporary release under these circumstances would greatly increase the use of § 3142(i) relief. Furthermore, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is.  These factors never go away.

*Id.* at 269.

Mr. Segura has not addressed the Court's findings that he is both a flight risk and a danger to the community if he is released.  *See* Doc. 22.  Mr. Segura intentionally fired multiple shots at a house he knew to be occupied by three people, including a young child.  Mr. Segura has not provided any information to the Court that changes its original detention determination.  The Court still finds by clear and convincing evidence that Mr. Segura is a danger to the community, and by a preponderance of the evidence that he poses a risk of nonappearance.

**IT IS THEREFORE ORDERED** that defendant Jerry Segura, Jr.'s opposed Motion for Furlough to Attend Funeral Services (Doc. 22) is denied.

DATED this 4th day of April 2023

_____
Laura Fashing
United States Magistrate Judge